SHAPIRO & CROLAND
Continental Plaza II
411 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-3900
(201) 488-9481
Attorneys for Debtor

|  |  |
|---|---|
| In Re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| JASON PUTZER | CHAPTER 7 |
| Debtor. | Case No: 05-51292 |
| JASON PUTZER | Adv. Pro. No.: _____ |
| Plaintiff, vs. |  |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, and THE STATE OF NEW YORK, DIVISION OF TAXATION | **COMPLAINT TO DECLARE TAX DEBTS DISCHARGEABLE** |

Plaintiff, Jason Putzer, by way of complaint against defendants, says:

**PARTIES AND JURISDICTION**

1.    Plaintiff filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on October 14, 2005 (the "Petition Date").

2.    Defendant, United States of America, Internal Revenue Service ("IRS"), is an agency of the United States of America which is a creditor of Debtor.

27612_1

3. Defendant, State of New York, Division of Taxation, is an agency of the State of New York, which is also a creditor of Debtor.

4. This is an action to declare the debts of Debtor to the IRS and the State of New York, Division of Taxation, to be dischargeable and to discharge Debtor from such debts pursuant to section 727(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I). Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

## **FIRST COUNT**

1. Debtor repeats and realleges each and every allegation of paragraphs 1 through 5 of the Complaint and incorporates the same herein at length.

2. Debtor is indebted to the IRS for income taxes for taxable years ending December 31, 2001 and prior thereto.

3. Debtor filed tax returns for the taxable years referred to in the preceding paragraph more than two years prior to the Petition Date, and such returns were last due, including extensions, more than three years before the Petition Date.

4. No taxes relating to the taxable years referred to in paragraph 2 of this Count were assessed within two-hundred forty (240) days, plus any time plus thirty (30) days during which an offer in compromise with respect to such tax that was made within two hundred forty (240) days after such assessment was pending, prior to the Petition Date and such taxes are not assessable under applicable law or by agreement after the Petition Date.

5. To the extent that the IRS has filed any tax liens with regard to any income taxes due for taxable years ending December 31, 2001 and prior thereto such liens shall remain in full force and effect only against such property as Debtor owned on the Petition Date.

WHEREFORE, Debtor demands judgment:

A. Declaring Debtor discharged from all debts for income taxes due to the Internal Revenue Service for tax years ending December 31, 2001 and prior thereto;

B.   Determining that any liens filed by the Internal Revenue Service for income taxes due from Debtor for tax years ending December 31, 2001 and prior thereto shall attach only to such property that Debtor owned as of the Petition Date; and

C.   Granting such other and further relief as the Court deems equitable and just.

## SECOND COUNT

1.   Debtor repeats and realleges each and every allegation of paragraphs 1 through 5 and the First Count of the Complaint and incorporates the same herein at length.

2.   Debtor is indebted to New York State, Division of Taxation, for income taxes for taxable years ending December 31, 2001 and prior thereto.

3.   Debtor filed tax returns for the taxable years referred to in the preceding paragraph more than two years prior to the Petition Date, and such returns were last due, including extensions, more than three years before the Petition Date.

4.   No taxes relating to the taxable years referred to in paragraph 2 of this Count were assessed within two-hundred forty (240) days, plus any time plus thirty (30) days during which an offer in compromise with respect to such tax that was made within two hundred forty (240) days after such assessment was pending, prior to the Petition Date and such taxes are not assessable under applicable law or by agreement after the Petition Date.

5.   To the extent that the State of New York, Division of Taxation has filed any liens with regard to any income taxes due for taxable years ending December 31, 2001 and prior thereto such liens shall remain in full force and effect only against such property as Debtor owned on the Petition Date.

WHEREFORE, Debtor demands judgment:

A.   Declaring Debtor discharged from all debts for income taxes due to The State of New York, Division of Taxation, for tax years ending December 31, 2001 and prior thereto;

B.   Determining that any liens filed by the State of New York, Division of Taxation for income taxes due from Debtor for tax years ending December 31, 2001 and prior thereto shall attach only to such property that Debtor owned as of the Petition Date; and

    C.  Granting such other and further relief as the Court deems equitable and just.

                SHAPIRO & CROLAND
                Attorneys for Debtor

          By: /s/ John P. Di Iorio_____
                John P. Di Iorio (JPD.3866)

Dated: October 20, 2005